IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CORALEE L. KAMOKU,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 23-cv-00177-DKW-KJM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On April 17, 2023, Plaintiff Coralee Kamoku, proceeding *pro se*, filed a Complaint seeking judicial review of an October 29, 2020 decision by the Commissioner of Social Security (the "Commissioner") that was partially in her favor. The Commissioner has moved to dismiss the Complaint as barred by the 60-day limitations period under 42 U.S.C. § 405(g). Dkt. No. 15. Having reviewed the parties' briefing and the record generally, the Court agrees that the Complaint is untimely and that Kamoku is not entitled to equitable tolling. Accordingly, as more fully explained below, the Commissioner's motion to dismiss is GRANTED.

---

[1] On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of Social Security, replacing Acting Commissioner Kilolo Kijakazi. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is therefore automatically substituted as Defendant in this case.

## FACTUAL & PROCEDURAL BACKGROUND

On April 21, 2015, Kamoku filed applications for disability insurance benefits and supplemental social security income under Titles II and XVI of the Social Security Act. Dkt. No. 15-3 at 6. Following a hearing, on March 28, 2018, the administrative law judge ("ALJ") issued an unfavorable decision, denying Kamoku's applications. *Id.* Subsequently, Kamoku requested, and was denied, review by the Appeals Council. *Id.* She then filed suit in the United States District Court for the District of Hawai'i. *Id.* On August 14, 2019, the Court approved a voluntary remand, sending the case back to the Appeals Council. *Id.*; Dkt. No. 15-2. Two months later, on October 15, 2019, the Appeals Council vacated the original unfavorable decision, and further remanded the case to an ALJ for new proceedings. Dkt. No. 15-3 at 6.

On October 29, 2020, the ALJ issued a partially favorable decision, finding that Kamoku had become disabled on September 26, 2020 with benefits payable from, but not prior to, that date. *Id.* at 6–7. The ALJ informed Kamoku that she had 30 days to file written exceptions with the Appeals Council or request an extension of time to do the same. *Id.* at 1–2. The ALJ explained that Kamoku would be presumed to have received notice of the decision within five days of the date of the notice, unless she showed that she did not receive it within that period. *Id.* at 1. Finally, the ALJ noted that should Kamoku fail to either file exceptions or

request an extension, his decision would become final 61 days later, at which point she would have an additional 60 days to file an action for review in federal district court. *Id.* at 2–3.

On December 12, 2020—nine days *after* the filing deadline described by the ALJ—Kamoku filed written exceptions with the Appeals Council. Dkt. No. 15-4. Consequently, on March 16, 2022, the Appeals Council sent a letter to Kamoku, requesting proof that the exceptions were timely filed. Dkt. No. 15-5. After receiving no response, on November 21, 2022, the Appeals Council issued a notice explaining that as Kamoku failed to timely file her exceptions, the ALJ's decision had become the final decision of the Commissioner of Social Security. Dkt. No. 15-6.

On December 16, 2022, Kamoku sent a letter to the Appeals Council, seeking to excuse her failure to file timely exceptions and requesting review of the ALJ's decision. Dkt. No. 15-7. Thereafter, on April 17, 2023, Kamoku initiated the instant action by filing a Complaint[2] seeking judicial review of the ALJ's decision. Dkt. No. 1. In addition, Kamoku filed a letter addressed to the Court, requesting relief from the 60-day filing deadline. Dkt. No. 1-1.

---

[2]Kamoku also filed an application to proceed *in forma pauperis*, Dkt. No. 4, which the Court granted on April 20, 2023. Dkt. No. 9.

On July 31, 2023, the Commissioner moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that Kamoku had failed to bring the civil action within the 60-day limitations period and that equitable tolling does not apply. Dkt. No. 15. Kamoku filed an Opposition on November 28, 2023, Dkt. No. 18, and the Commissioner filed a Reply on December 1, 2023, Dkt. No. 21. Pursuant to Local Rule 7.1(c), the Court elected to decide this matter without a hearing. Dkt. No. 22. This Order follows.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). However, "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions." *Id.*  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor do factual allegations that only permit the Court to infer "the mere possibility of misconduct." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).

## **DISCUSSION**[3]

The Commissioner contends that Kamoku's Complaint must be dismissed as she failed to commence her civil action within the requisite period specified by the statute of limitations, and equitable tolling does not apply.  The Court addresses each in turn.

### I.     **Timeliness**

Judicial review of final decisions rendered by the Commissioner on claims for disability insurance benefits and supplemental security income is governed exclusively by 42 U.S.C. § 405(g).  Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

---

[3]As Kamoku is *pro se*, the Court has liberally construed her filings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

(emphasis added); *see also* 42 U.S.C. § 1383(c)(3).  This 60-day limit is "not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).  Accordingly, "it is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Id.* at 479.

Where a case has been previously remanded by a federal court, the Code of Federal Regulations provides that "the decision of the administrative law judge . . . will become the final decision of the Commissioner . . . unless the Appeals Council assumes jurisdiction . . . based on written exceptions to the decision which [the claimant] file[s]." 20 C.F.R. § 416.1484(a).  These written exceptions must be filed within 30 days of receipt of the ALJ's decision.  20 C.F.R. §§ 416.1484(b)(1), 404.984(b)(1).  Otherwise, the ALJ's decision becomes final on the sixty-first day following the date on the notice. *See* 20 C.F.R. §§ 416.1484(c)–(d), 404.984(c)–(d).

Here, Kamoku's case had been previously remanded from federal court.  Dkt. No. 15-2 at 3.  Accordingly, after the ALJ issued the partially favorable decision on October 29, 2020, Kamoku had thirty-five days[4]—*i.e.*, until December 3, 2020—to file written exceptions or request an extension of time for

---

[4]Federal regulations presume that a claimant receives notice of the ALJ's decision within five days after it was sent.  20 C.F.R. §§ 404.901, 416.1401, 422.210(c).  Accordingly, these five days are added to the thirty-day response time afforded by 20 C.F.R. §§ 416.1484(b)(1), 404.984(b)(1).

the purposes of the same.  Kamoku, however, failed to file any exceptions until December 12, 2020—nine days *after* this deadline had expired.  See Dkt. No. 15-4 at 2.  Further, when the Appeals Council followed up, requesting proof that the exceptions were filed on time, Kamoku did not respond.  Dkt. No. 15-5.  Therefore, the ALJ's decision became final on December 29, 2020—sixty-one days after it was issued.  *See* Dkt. No. 15-6 at 1.  Although Kamoku had an additional sixty days, or until March 1, 2021,[5] to file suit in federal court, she nevertheless failed to do so until April 17, 2023—more than *two years* later.  Her Complaint is, therefore, untimely.

## II.  Equitable Tolling

A plaintiff may nonetheless be entitled to equitable tolling of the 60-day limitations period in the rare cases where "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate."  *Bowen*, 476 U.S. at 480 (quotation marks and citation omitted).  In seeking equitable tolling, the plaintiff "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

---

[5] Although sixty days from December 29, 2020 falls on February 27, 2021, that day was a Saturday, extending the deadline to Monday, March 1, 2021 by operation of Federal Rule of Civil Procedure 6(a)(1)(C).

Here, despite what she acknowledges to be the untimeliness of her action, Kamoku contends that the Court should nonetheless toll the statute of limitations due to: (1) the loss of her brother to cancer on July 11, 2022; (2) her involvement in foreclosure proceedings on her deceased brother's house; (3) her reliance on her attorney to file the written exceptions in a timely manner; and (4) the COVID-19 pandemic.  Dkt. No. 1-1; Dkt. No. 18 at 4–5.

Each of these grounds, however, is unavailing.  For instance, although Kamoku cites her brother's death and subsequent related events as extraordinary circumstances which should excuse her failure to file her Complaint in a timely manner, both events occurred more than a year *after* the March 1, 2021 deadline had already expired.  *See* Dkt. No. 1-1 (explaining her brother died on July 11, 2022 and that the foreclosure action did not start until "after his passing.").  As such, the Court declines to toll the statute of limitations on those grounds.

Next, Kamoku contends that her delay in filing is nevertheless excusable as she relied on her attorney to file exceptions in a timely manner and was "wait[ing] for an answer from the [Appeals Council] on their decision whether or not they would consider the exceptions."  Dkt. No. 18 at 4.  To Kamoku's credit, the Appeals Council failed to notify her that her exceptions were untimely until March 16, 2022—some *fifteen months* after her attorney filed them.  Dkt. No. 15-5 at 1.  Moreover, the Appeals Council further failed to notify Kamoku until

November 21, 2022 that, as a result of her untimeliness, the ALJ's decision had become final. Dkt. No. 15-6. Despite the length of these delays, however, Kamoku's Complaint remains untimely. Even if the Court found that either notice letter in 2022 re-opened the limitations period,[6] Kamoku failed to file her Complaint within 60 days of either letter.[7] Instead, she filed on April 17, 2023—thirteen months after the first letter, and five months after the second. *See* Dkt. No. 1; Dkt. No. 21 at 3–5. As such, even if the Court tolled Kamoku's filing deadline to the date of her receipt of either Appeals Council notice letter in 2022, it would be of no consequence—she would have still failed to file her Complaint in a timely manner.

Finally, Kamoku generally asserts that "[e]xtraordinary circumstances beyond our control, such as the 2020 Covid Pandemic lockdown, creates an exception to the timeliness rule." Dkt. No. 18 at 5. Notably, she cites no authority in support of this sweeping contention. Indeed, most courts have found precisely the opposite. *See, e.g.*, *United States v. Tinsman*, 2022 WL 3208346, at *3 (10th Cir. Aug. 9, 2022) ("The bottom line is that the COVID-19 pandemic does not

---

[6] Even the purported failures of Kamoku's attorney would not constitute an "extraordinary circumstance" warranting equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling"); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").

[7] The 60-day deadlines from the March 16, 2022 and November 21, 2022 notices would have been May 16, 2022 and January 20, 2023 respectively.

automatically warrant equitable tolling for any movant who seeks it on that basis." (quotation marks and citations omitted)).  Moreover, Kamoku fails to provide any detail specifying how she believes the pandemic and corresponding lockdowns contributed to her inability to file her Complaint or her written exceptions in a timely manner.  Accordingly, there is nothing to support equitable tolling on this basis.

## CONCLUSION

For the reasons set forth herein, the Commissioner's Motion to Dismiss, Dkt. No. 15, is GRANTED, and the Complaint is DISMISSED without leave to amend. The Clerk of Court is instructed to enter Judgment in favor of the Commissioner and then CLOSE this case.

IT IS SO ORDERED.

DATED: January 5, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Coralee L. Kamoku v. Martin O'Malley, Commissioner of Social Security*; Civil No. 23-00177 DKW-KJM; **Order Granting Defendant's Motion to Dismiss**